IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MONSI KASSA TAFARI L'GGRKE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> REBECCA LYNN SHERMAN; ) <br> STATE FARM INSURANCE GROUPS; ) <br> STATE FARM MUTUAL AUTOMOBILE ) <br> INSURANCE COMPANY; ) <br> EDWARD BARRY RUST, JR.; ) <br> VINCENT JOSEPH TROSINO; ) <br> MICHAEL CLAUDE DAVIDSON; ) <br> BARBARA RAE COWDON; ) <br> MICHAEL LEON TIPSORD; ) <br> BRIAN VINCENT BOYDEN; ) <br> WILLIE GEORGE BROWN; ) <br> DALE RUBEN EDEBERG; ) <br> GARY GRANT; ) <br> SUSAN QUASEBARTH HOOD; ) <br> WILLIAM KEATING KING, JR.; ) <br> RODERICK MOORE MATTHEWS; ) <br> JOHN WARREN NORTH; ) <br> JAMES ELLWYN RUTROUGH, JR.; ) <br> DEBORAH VIRGINIA TRASKELL; ) <br> FARMERS INSURANCE COMPANY; ) <br> DONALD EUGENE SCHROEDER; ) <br> WILLIAM RAYMOND HAWKINSON; ) <br> THOMAS JOSEPH BYRNE; ) <br> MITCHELL WARD CRAWFORD; ) <br> PAUL NORMAN HOPKINS; ) <br> KEVIN EUGENE KELSO; ) <br> RORY RANDALL LOEBIG; ) <br> MARK ROBERT MCKEE; ) <br> JOSEPH T. ACQUATIVA; ) <br> GREGORY K. FRIZZELL; ) <br> FRANCES J. ARMSTRONG; ) <br> DAVID D. WILSON; TIMOTHY CAIN; ) <br> ) <br> Defendants. ) | Case No. 07-CV-121-TCK-SAJ <br> OPINION AND ORDER |

## **OPINION AND ORDER**

On February 22, 2007, Plaintiff, a state inmate appearing *pro se*, filed an "application to assume original jurisdiction and petition for transfer" (Dkt. # 2). He seeks to remove his state court negligence action presently pending in Tulsa County District Court, Case No. CJ-2000-5254, to this federal district court. On February 23, 2007, Plaintiff also filed a motion to proceed *in forma pauperis* (Dkt. # 1) without prepayment of the filing fee required to remove this action. For the reasons discussed below, the Court finds Plaintiff shall be allowed to proceed *in forma pauperis* but is nonetheless responsible for full payment of the filing fee in monthly installment. In addition, the application to assume jurisdiction shall be denied and this matter shall be remanded to state court.

### A. Motion to proceed *in forma pauperis*

After reviewing Plaintiff's motion to proceed *in forma pauperis*, the Court concludes that Plaintiff is without funds in his institutional account(s) sufficient to prepay in full the filing fee required to remove this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion to proceed *in forma pauperis* shall be granted. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Plaintiff shall pay an initial partial filing fee of **$11.00** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate accounts for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. §1915(b). After payment of the initial partial filing fee, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The Prison Litigation Reform Act of 1996

("PLRA") requires the district court to assess and collect the $350 filing fee even when a case is dismissed before service of the summons and complaint. See 28 U.S.C. § 1915(b)(1). Therefore, Plaintiff shall continue to make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of $350. 28 U.S.C. § 1915(b)(2). The trust fund officer or other appropriate prison official at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this Order to prison officials at the Jim E. Hamilton Correctional Center, located in Hodgen, Oklahoma.

**B. Request for removal shall be denied**

Plaintiff attempts to remove his state-court automobile negligence action to this federal court. Plaintiff cites 28 U.S.C. §§ 1404-1406 as authority for his request. See Dkt. # 2 at 4. However, those statutes govern transfers of actions within the federal court system and do not authorize the "transfer" of a case from state court to federal court. Provisions governing the procedures for removal of state court actions to federal court and the review of orders remanding those actions to state court are set out in 28 U.S.C. §§ 1441-1452 (2000). Several sections permit removal by defendants, see, e.g., id. §§ 1441(a) and (b) (certain defendants in diversity actions); id. § 1441(b)

(defendants in actions raising federal question); id. § 1442 (defendants in actions against federal officials). No section provides for removal by a plaintiff. See generally, 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3731, at 502 (1985) ("Plaintiffs cannot remove...."). An action removed other than in accordance with the statutory provisions may be remanded to state court.

The Court finds that Plaintiff cannot remove his own state-court action to federal court. See Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 580 (1954); Hamilton v. Aetna Life and Cas. Co., 5 F.3d 642, 643, 644 (2d Cir. 1993); Ballard's Serv. Ctr., Inc. v. Transue, 865 F.2d 447, 449 (1st Cir. 1989); Oregon Egg Producers v. Andrew, 458 F.2d 382, 383 (9th Cir. 1972). See generally Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 103, 104-07 (1941) (addressing earlier removal statute, discussing history of removal, and concluding earlier removal statute permitted only defendants to remove state actions to federal courts). For that reason, the Court finds that removal of Case No. CJ-00-5254, on Plaintiff's request, shall not be permitted and, pursuant to § 1446(c)(4),[1] this action shall be summarily remanded to Tulsa County District Court.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Dkt. #1) is **granted**. Plaintiff is responsible for payment of the **$350** filing fee in monthly installments. Plaintiff shall make an initial

---

[1]Section 1446(c)(4) provides as follows:

> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

   partial payment of **$11.00**.

2. After submitting the initial partial payment, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s). Prison officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the address cited herein each time the amount in the account(s) exceeds $10 until the filing fee is paid.

3. Plaintiff's request to remove this action (Dkt. # 2) is **denied**, and this matter is **remanded** to Tulsa County District Court.

4. Any pending motion is **declared moot**.

5. The Clerk shall send a copy of this Order to prison officials at the Jim E. Hamilton Correctional Center, 53468 Mineral Springs Road, Hodgen, OK  74939-3064.

DATED THIS 26th day of February, 2007.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE